**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**


ICON Health & Fitness, Inc.,
a Delaware corporation,

        Plaintiff,

        v.

Octane Fitness, LLC,
a Minnesota limited liability company,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 09-319 ADM/SRN

───────────────────────────────────────────────

Larry R. Laycock, Esq., David R. Wright, Esq., C.J. Veverka, Esq., H. Craig Hall, Jr., Esq., Workman Nydegger, Salt Lake City, UT on behalf of Plaintiff.

Matthew L. Cutler, Esq., Rudolph A. Telscher, Jr., Esq., Randy J. Soriano, Esq., Harness Dickey and Pierce, St. Louis, MO on behalf of Defendant.

───────────────────────────────────────────────

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Octane Fitness, LLC's ("Octane") Objections [Docket No. 111] to Magistrate Judge

Susan R. Nelson's February 4, 2010 Report and Recommendation ("R&R") [Docket No. 108].

Judge Nelson recommends that Defendant's Motion to Strike Plaintiff ICON Health & Fitness,

Inc.'s ("ICON") supplemental claim chart and Motion for Partial Summary Judgment [Docket

No. 92] be denied.  For the reasons stated below, Octane's Objections are overruled and the

R&R is adopted.

## II.  BACKGROUND

The facts and procedural history underlying this dispute are set forth thoroughly in Judge

Nelson's R&R and are incorporated by reference.  Accordingly, only a brief version of the

relevant facts and procedural history is presented here.

This patent case arises out of a dispute regarding United States Patent Number 6,019,710 (the "'710 patent"), entitled "Exercising Device with Elliptical Movement," held by ICON. ICON filed this action alleging that Octane has infringed upon the '710 patent.

Pursuant to the Court's pretrial scheduling order, ICON timely filed its infringement contentions on July 23, 2009, alleging that Octane's Q47 machine and all other ellipitical machines with features similar to the Q47, such as the Q45, infringe the '710 patent. Octane objected to ICON's claim chart, arguing that linkages of the Q47 are different from the Q45. After some additional investigation, ICON served a supplemental claim chart on October 23, 2009, clarifying the manner in which the Q45 family of elliptical machines infringed the '710 patent. Octane moved to strike the supplemental claim chart as untimely, but Judge Nelson denied the motion, concluding that good cause existed to permit the amendment. Octane now appeals.

### III. DISCUSSION

**A.      Motion to Strike**

**1.      Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

**2.  Octane's Objections**

Octane renews its argument that ICON's supplemental claim chart is untimely. Federal

Rule of Civil Procedure 16(b) permits modification to a Pretrial Scheduling Order "upon a showing of good cause." Judge Nelson concluded that because Octane provided only a fraction of the discovery documents prior to the claim chart deadline and a significant document production occurred after the deadline, good cause existed to permit ICON to supplement its claim chart. R&R at 7-8. Octane disagrees, arguing that ICON was not diligent.

To decide what constitutes "good cause" in the context of modifying patent infringement contentions, courts articulate different legal standards. See, e.g., O2 Micro Int'l Ltd. v. Monolith Power Systs., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("'[G]ood cause' requires a showing of diligence."); Acco Brands, Inc. v. PC Guardian Anti-Theft Products, Inc., No. C 04-03526, 2008 WL 2168379, at * 1 (N.D. Cal., May 22, 2008) (considering "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment"); STMicroelectronics, Inc. v. Motorola, Inc., 307 F.Supp.2d 845, 850 (E.D. Tex. 2004) (examining a party's explanation for the failure to meet the deadline, the importance of the item that would be excluded, potential prejudice in allowing the item that would be excluded, and the availability of a continuance to cure such prejudice). Despite such variation, diligence is a common factor. As Judge Nelson correctly observed, a party's diligence in amending its infringement contentions is central to a finding of good cause. R&R at 7.

In Octane's initial brief supporting its motion to strike, Octane relies heavily on the Federal Circuit's decision in, O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc., 467 F.3d 1355 (Fed. Cir. 2006), which affirmed the district court's decision that "in waiting three months between first learning the facts necessary to develop [its] theory [of infringement] and moving to

amend its contentions," the appellant failed to demonstrate diligence under the local patent rules

in the Northern District of California. Id. at 1367. The standard of review applicable to that

motion was critical to the Federal Circuit's affirmance: "Decisions enforcing local rules in patent

cases will be affirmed unless clearly unreasonable, arbitrary, or fanciful; based on erroneous

conclusions of law; clearly erroneous; or unsupported by any evidence." Id. (citation omitted).

Thus, this Court does not read O2 Micro as establishing a conclusive presumption that waiting

three months to supplement infringement contentions is necessarily fatal to showing diligence.

Indeed, in General Atomics v. Axis-Shield, No. C 05-04074, 2006 WL 2329464, at *1

(N.D. Cal., Aug. 9, 2009), a district court decision construing the same local patent rule as in O2

Micro reached a starkly different conclusion on similar facts. In that case, the court permitted

Axis-Shield to amend, noting that "*only* three months" had passed after Axis-Shield had served

its preliminary infringement contentions and referring to this amount of time as "relatively

short." Id. (emphasis added).

ICON acted with diligence throughout the discovery process. The record reflects that

ICON made multiple attempts to expedite discovery before it submitted its initial infringement

contentions on July 23, 2009. ICON requested production of all responsive documents by July

3, 2009, three weeks before its initial claim chart was due. Hall Decl. [Docket No. 101], Ex. A;

Pl's. Mem. in Opp. to Def's. Mot. to Strike at 3-4 [Docket No. 99]. Octane's production

continued after that date, and ICON inquired whether more documents would be forthcoming.

Hall Decl., Ex. D; Pl's. Mem. in Opp. to Def's. Mot. to Strike at 4.

Despite its efforts, ICON lacked sufficient information to submit fully developed

infringement contentions for the Q45 family of products by July 23, 2009. Octane avers that it

produced drawings of both the Q47 and Q45 family of elliptical machines before ICON submitted its initial claim chart. Def's. Mot. to Strike at 2. However, the drawings that Octane produced were unlabeled and not helpful to ICON in drafting its infringement claim charts. Pl's. Resp. to Def.'s Objections [Docket No. 112] at 2-3. Id. ICON attempted to address this issue, notifying Octane by e-mail that "Octane has produced drawings where it is not clear which product they pertain to." Pl's. Mem. in Opp. to Def's. Mot. to Strike at 6. ICON's good faith attempts to expedite the discovery process and clarify questions demonstrate it did not possess sufficient information to articulate the bases for its infringement contentions by July 23, 2009.

Further, when drafting its infringement contentions, ICON did not have the opportunity to review numerous documents that were relevant to the case. As Judge Nelson noted, "Octane produced a large percentage of discovery to [ICON] after the July 23, 2009 Claim Chart deadline." R&R at 7. Indeed, ICON avers that Octane produced 4,592 pages of documents before the claim chart was due and an additional 596,222 pages of documents, 99% of the total documents produced to that point, *after* the initial deadline. Among the documents produced after the claim chart deadline were engineering documents detailing the internal structure of the Q45 family of machines. Upon disclosure, ICON needed time to analyze Octane's documents and to refine its theory of infringement. As one court aptly noted: "In complex litigation, each party relies heavily on the production of the opposing party to help guide future research. A party that fails to disclose information in a timely manner has little room to complain that the opposing party is tardy." Coopervision, Inc. v. Ciba Vision Corp., 480 F.Supp.2d 884 (E.D. Tex. 2007) (permitting leave to amend infringement contentions after the alleged infringer produced thousands of new documents that had not been previously provided).

5

After learning from Octane that its original claim chart was deficient, ICON promptly requested discovery in furtherance of its intention to supplement. Octane emphasizes that after ICON physically inspected the Q45 machine to correct any deficiencies in the claim chart, it waited seven weeks before serving its supplemental claim chart. In its initial brief opposing Octane's motion to strike, ICON explains that it "supplemented its Claim Chart as quickly as possible after ICON was confident that it had identified all of the infringing components for each of the Accused Products." Pl's. Mem. in Opp. to Def's. Mot. to Strike at 19. Given the volume of documents, the technical nature of the case, and Octane's significant document production after the claim chart deadline, the Court concludes that ICON acted diligently in filing its supplemental infringement contentions and, therefore, that good cause exists for permitting ICON to amend.

Octane's next objection is that it will be significantly prejudiced if ICON is permitted to supplement its claim chart because of the additional expense incurred in responding to ICON's supplemental claim chart and because of the tactical advantage to ICON by supplementing its claim chart after learning of Octane's claim construction and invalidity contentions. Octane's first argument is unconvincing because any additional expense incurred is a result of Octane's failure to fully disclose to ICON information relevant to its infringement claim chart. With respect to Octane's second argument, Judge Nelson permitted Octane to perform another prior art search or to submit a new brief in its Markman pleadings. R&R at 9. To the extent that prejudice is relevant to a determination of whether ICON may supplement its infringement contentions, the Court finds only slight prejudice to Octane which may be cured by Judge Nelson allowing new briefing. In light of the Court's decision that good cause exists to permit ICON to

6

supplement its claim chart and that any resulting minimal prejudice to Octane can be cured, the Court does not reach the issue of whether ICON's supplemental claim chart seeks to add new theories of infringement.

**B.** **Motion for Partial Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Octane's motion for partial summary judgment is entirely dependent on prevailing on its motion to strike. Because the Court denies Octane's motion to strike, a genuine issue of material fact persists as to whether the Q45 family of machines infringes the '710 patent. Accordingly, the Court denies partial summary judgment.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Octane's Objections [Docket No. 111] are **OVERRULED**;

2.    The R&R [Docket No. 108] is **ADOPTED**;

3.    Octane's Motion to Strike [Docket No. 92] is **DENIED**;

4. Octane's Motion for Partial Summary Judgment is **DENIED**.


BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE


Dated: May 5, 2010.