# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Icon Health & Fitness, Inc.,

      Plaintiff,

v.

                                       **MEMORANDUM OPINION**
                                       **AND ORDER**
                                       Civil No. 09-319 ADM/SER

Octane Fitness, LLC,

      Defendant.

___

Larry R. Laycock, Esq., David R. Wright, Esq., and Jared J. Braithwaite, Esq., Maschoff Brennan, Salt Lake City, UT; and Lawrence M. Shapiro, Esq., Robert J. Gilbertson, Esq., and X. Kevin Zhao, Esq., Greene Espel, PLLP, Minneapolis, MN, on behalf of Plaintiff.

Rudolph A. Telscher, Jr., Esq., Kara R. Fussner, Esq., and Daisy Manning, Esq., Harness, Dickey & Pierce, P.L.C., St. Louis, MO, and Michael A. Lindsay, Esq., Dorsey & Whitney, LLP, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Octane Fitness, LLC's ("Octane") Application for Reasonable Attorney's Fees and Expenses [Docket No. 286] ("Application"). Plaintiff Icon Health & Fitness, Inc. ("Icon") has filed a Response [Docket No. 292] objecting to the Application. For the reasons set forth below, Octane's Application is granted in part and denied in part.

## II. BACKGROUND[1]

On July 1, 2015, the Court granted Octane's renewed motion for attorney's fees and costs

___

[1] A more complete background of this patent infringement case is recited in the Court's Memorandum Opinion and Orders dated June 17, 2011 [Docket No. 187]; September 6, 2011 [Docket No. 220]; and July 1, 2015 [Docket No. 284], which are incorporated by reference.

[Docket No. 260], holding that this patent case is exceptional under the Patent Act's fee-shifting statute, 35 U.S.C. § 285. See Mem. Opinion & Order, July 1, 2015. Based on this ruling, the Court directed Octane to file documentation supporting its request for reasonable attorney's fees by July 15, 2015, and allowed Icon to file a response by July 22, 2015. In the Application, Octane requests $2,486,578.50 in attorney's fees and $362,582.95 in expenses. Fussner Decl. [Docket No. 287] ¶ 52. Icon raises several objections to the Application and argues that any award to Octane should total no more than $1,055,613.35 in fees and $129,711.23 in expenses.

## III. DISCUSSION

### A. Legal Standard

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. District courts are afforded considerable discretion in determining the amount of reasonable attorney's fees under § 285. Homeland Housewares, LLC v. Sorensen Research, 581 F. App'x 877, 881 (Fed. Cir. 2014). Federal Circuit law controls claims for attorney's fees under § 285 because the statute addresses an area of substantive law within the Federal Circuit's exclusive jurisdiction. Bywaters v. United States, 670 F.3d 1221, 1227 (Fed. Cir. 2012); see also Q Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1299 (Fed. Cir. 2004) ("We apply Federal Circuit law to the issue of attorney fees in patent infringement cases.").

The starting point for determining reasonable attorney's fees is the "lodestar" calculation, which multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Bywaters, 670 F.3d at 1228–29. A reasonable hourly rate considers the rates commonly charged by attorneys for similar work in the forum court. Bywaters, 670 F.3d at 1228. In calculating a reasonable fee amount, courts should

exclude hours that were not "reasonably expended," such as excessive or redundant hours or instances where overstaffing or poor billing judgment has occurred. Hensley, 461 U.S. at 434.

**B. Icon's Objections**

Icon argues the Application includes fees and expenses that are not compensable under applicable law or are unreasonable. Each of Icon's objections is addressed below.

### 1. Fees and Expenses Related to Appeals

Icon first contends that Octane should not recover its fees and expenses in connection with any appeal in this litigation. Briefly, the appellate and remand proceedings in this case are as follows. In 2011, Icon appealed this Court's claim construction and summary judgment rulings. See Icon Health & Fitness, Inc. v. Octane Fitness, LLC., 496 F. App'x 57 (Fed. Cir. 2012) reh'g en banc denied (Dec. 27, 2012). Octane cross-appealed this Court's decision that under the Federal Circuit's Brooks Furniture standard,[2] Octane had not shown that this case was exceptional to allow fee shifting under § 285. See Icon Health & Fitness, Inc. v. Octane Fitness, LLC, No. 09-319, 2011 WL 3900975, at *1 (D. Minn. Sept. 6, 2011) (denying Octane's first motion to find case exceptional). Icon's appeal and Octane's cross-appeal were consolidated by the Federal Circuit.

The Federal Circuit affirmed this Court's claim construction and summary judgment rulings as well as the ruling on the § 285 fee issue. Icon, 496 F. App'x at 61–65. Thereafter, Octane appealed the § 285 issue to the Supreme Court, which reversed. See Octane Fitness,

---

[2] In the absence of misconduct in litigation or in securing a patent, a case was deemed "exceptional" under Brooks Furniture only if a party could show by clear and convincing evidence "both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).

LLC v. Icon Health & Fitness, Inc., 134 S. Ct. 1749 (2014). The Supreme Court held that the Brooks Furniture standard was unduly rigid, and stated that an exceptional case under § 285 was "simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated. Id. at 1756. The Supreme Court then remanded the case to the Federal Circuit, which in turn remanded to this Court. This Court thereafter held that the case is exceptional based on Icon's exceptionally weak litigation position and its unreasonable manner of litigation. See Mem. Op. & Order, July 1, 2015.

The Application submitted by Octane includes $851,432.34 in attorney's fees and $100,153.86 in costs incurred in the appeal and remand proceedings. Fussner Decl. ¶ 13, Ex. C. Icon argues that those fees and costs should not be included in the award because the appeal and remand proceedings were not exceptional.

The fee-shifting statute of § 285 does not prohibit a district court from awarding fees for the entire case, including subsequent appeals. Therasense, Inc. v. Becton, Dickinson & Co., 745 F.3d 513, 517 (Fed. Cir. 2014). Thus, appellate and remand fees may be awarded "where those stages of litigation are deemed independently exceptional within the meaning of § 285." Id. (citing Rohm & Haas Co. v. Crystal Chem. Co., 736 F.2d 688, 692–93 (Fed. Cir. 1984)).

Here, Icon's appeal of this Court's claim construction and summary judgment rulings are independently exceptional. In its appeal, Icon repeated the same exceptionally weak infringement arguments that had been squarely rejected by this Court. Therefore, Octane is entitled to recover the attorney's fees and costs it expended in defending against Icon's appeal of the claim construction and summary judgment rulings.

The appellate and remand proceedings related to the § 285 issue were not exceptional. In defending against Octane's appeals, Icon relied on longstanding Federal Circuit precedent to argue the case was not exceptional under the Brooks Furniture standard. Significantly, Icon prevailed on this issue in the Federal Circuit appeal. In the Supreme Court appeal, the Supreme Court broke new ground on this subject by rejecting the Brooks Furniture standard and announcing a new and more flexible standard for determining whether a case is exceptional under § 285. Thus, Icon's litigation position on the § 285 issue in the Federal Circuit and Supreme Court appeals was not exceptional. Similarly, the remand proceedings were not exceptional because Icon was not unreasonable in arguing that the case was not exceptional under the newly announced standard.

The claim construction and summary judgment issues comprised two-thirds of the issues involved in the Federal Circuit consolidated appeal (the third being the § 285 issue). Accordingly, the Court will award Octane $130,000 in fees and $15,800 in costs relating to the Federal Circuit appeal, which equals two thirds of the $195,140 in fees and $23,696 in costs requested by Octane in relation to that proceeding. See Fussner Decl. Ex. C. The fees and costs relating to all other appeal and remand proceedings are denied.

**2. Fees and Expenses Related to '120 Patent**

Icon argues Octane is not entitled to attorney's fees and expenses related to Icon's United States Patent No. 5,104,120 (the "'120 Patent"). On May 27, 2009, Icon and Octane filed a Stipulation [Docket No. 77] in which the parties agreed to "the dismissal with prejudice of any and all claims against the other, asserted or unasserted," relating to the '120 Patent. Stipulation at 1. Icon argues, and this Court agrees, that Octane could have but did not preserve its claim for

5

attorney's fees under § 285 with respect to the '120 Patent. Therefore, this claim has been released under the terms of the Stipulation, and Octane's request for an award of $125,719 in fees relating to the '120 Patent is denied.

### 3. Distribution of Work to Senior Level Attorneys

Icon further argues that Octane's fees must be reduced because Octane overstaffed this case with partner-level attorneys that were performing tasks typically performed by lower billing-rate associates. Icon contends that 85% of attorney billings before appeal were attributable to partner-level attorneys, and that high level attorneys engaged in routine tasks such as document review and legal research.

The Court has reviewed the billing statements supporting Octane's Application and concludes that the requested reduction is not warranted. This case was also aggressively litigated by Icon, and Octane properly employed skilled and experienced attorneys to defend itself against Icon's claims. Although partner-level attorneys performed some document review and legal research, a substantial majority of the time entries identified by Icon as purported examples of overstaffing were performed by a partner whose hourly rate was $300 to $320 during the course of this litigation. See Laycock Decl. [Docket No. 293] Table 4; Fussner Decl. ¶ 31f. A survey conducted by the American Intellectual Property Law Association lists the average hourly rate in 2012 for an intellectual property litigator practicing in the Minneapolis area as $413 for partners and $287 for associates. Fussner Decl. ¶¶ 33–34; Ex. S. Thus, the rate charged by this partner were more commensurate with that of an associate than a partner. Indeed, the third quartile (75%) average for intellectual property associates in Minneapolis in 2012 was $339 per hour, which exceeds the hourly rate charged by this partner. Additionally,

this partner was responsible for conducting fact and expert discovery, and thus it is neither surprising nor unreasonable for the partner to engage in some level of document review. Id. ¶ 31f.

As further assurance that this matter was neither overstaffed nor unreasonably billed, Octane's attorney rates and monthly bills were scrutinized by its patent insurance carrier, Intellectual Property Insurance Services Corporation ("IPISC"). Id. ¶¶ 15, 39. IPISC has a vested business interest in ensuring it does not pay above-market rates or overspend on patent litigation. For these reasons, no reduction for alleged overstaffing is warranted.

**4. Expert Witness Fees**

Icon objects to Octane's request for $110,714.89 in expert witness fees. Expert fees are not authorized under § 285. Amsted Indus. Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 377 (Fed. Cir. 1994). "[A]n award under section 285 encompasses only attorney fees; expert witness fees fall under 28 U.S.C. § 1920, subject to the 28 U.S.C. § 1821(b) limitation." Id. Although the Federal Circuit has held that a district court may exercise its inherent power to award expert fees as a sanction for a patent litigant's egregious conduct, such power is reserved for conduct involving fraud on the court or an abuse of the judicial process. Id. at 378–79.

Icon did not commit fraud on the Court or engage in other conduct that warrants a remedy beyond that provided in § 285. Therefore, Octane's recovery of expert witness fees is limited by 28 U.S.C. § 1821(b), which provides a $40 per day attendance fee for traveling to and attending federal court or a deposition.[3] The billing statements underlying Octane's Application

---

[3] Section 1821(a) and (b) provide in relevant part:

> (a)(1) Except as otherwise provided by law, a witness in attendance

show that Octane's expert traveled to Chicago and had his deposition taken on May 5, 2010. Fussner Decl. Ex. BB-10. Thus, Octane may recover $40 in expert fees, and the remaining balance of expert fees requested ($110,674.89) is denied.

### 5. Consulting Fees

Octane paid $27,513.24 in consulting fees to assist Octane's counsel in briefing and presenting the § 285 issue to the Supreme Court. Fussner. Decl. ¶¶ 47-51; Ex. BB-9. As discussed above, Icon's defense of Octane's appeals—both to the Federal Circuit and the Supreme Court—was not exceptional, because Icon was relying on the longstanding Brooks Furniture standard in arguing that Octane had not met the demanding burden required for an award of attorney's fees under § 285. Therefore, it is not unjust for Octane to bear the costs of the consulting fees it incurred in connection with the Supreme Court appeal. Accordingly, Octane's request for $27,513.24 in consulting fees is denied.

### 6. Fees Related to Co-Defendant

Icon also objects to Octane's request for $3,186.50 in attorney's fees related to the defense of Nellie's Exercise Equipment, Inc. ("Nellie's"), a California entity that was initially

---

> at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.
> . . .
> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821.

named as a defendant in this action but who was later dismissed.  Icon argues that Nellie's has not moved for fees, and that even if Octane paid Nellie's legal fees, it cannot assert a claim for fees on behalf of a third-party co-defendant.

In support, Icon cites In re AmericanWest Bancorporation, in which a bank sought to recover attorney's fees it paid to defend a third party co-defendant.  No. 10-6097-PCW11, 2013 WL 3010822, at *4-5 (Bankr. E.D. Wash. Oct. 4, 2013).  The court in that case held that the bank could not recover such fees from the plaintiff because the entitlement to attorney's fees was governed by a contract between the plaintiff and the bank, and the co-defendant was not a party to that contract.  Id. at *5.  Unlike AmericanWest Bancorporation, the entitlement to attorney's fees here is governed by statute rather than contract.  The governing statute entitles the prevailing party in an exceptional patent case to attorney's fees.  35 U.S.C. § 285.  Nellie's was a prevailing party, as the claims against it were successfully terminated.  The Court sees no reason to disallow Nellie's reasonable attorney's fees merely because they were paid by a prevailing co-defendant, rather than Nellie's itself.  Therefore, Icon's objection to this category of fees is overruled.

**7. Law Firm Overhead**

Icon contends the Application improperly requests recovery of two categories of expenses associated with law firm overhead.  First, the Application includes $6,095 for time billed by administrative staff, and approximately $1,614 in fees for time entries that Icon characterizes as secretarial-type work or administrative tasks.  See Fussner Decl. Ex. A at 5 (reflecting $6,095 in administrative staff fees); Laycock Decl. Table 7 (listing time entries).  Generally, the cost of a law firm's overhead is incorporated into the attorney's hourly rate and is

9

not separately recoverable under § 285. Codex Corp. v. Milgo Elec. Corp., 541 F. Supp. 1198, 1201 n.1 (D. Mass. 1982); CTS Corp. v. Electro Materials Corp. of Am., 476 F. Supp. 144, 145 (S.D.N.Y. 1979). Therefore, the requested amount of $6,095 for administrative staff fees will not be awarded. However, the Court disagrees with Icon's characterization of time entries amounting to $1,614 that are described by Icon as secretarial-type work or administrative tasks. See Laycock Decl. Table 7. Most of these entries were performed by a paralegal and involved monitoring case activity and providing updates to the legal team. See id. Therefore, these tasks were not merely administrative and will be compensated.

The second expense category that Icon argues is non-compensable is computerized legal research. Icon contends that legal research expenses are firm library service expenses which are not recoverable under § 285. "The prevailing view among . . . circuits is to permit awards to reimburse counsel for the reasonable costs of online legal research." In re UnitedHealth Grp. Inc. S'holder Deriv. Litig., 631 F.3d 913, 918–19 (8th Cir. 2011). It is customary in many communities to bill separately for computerized legal research. Ludlow v. BNSF Ry. Co., 788 F.3d 794, 805 (8th Cir. 2015). This billing practice "can be readily defended because the cost of online research is normally matched with reduction in the amount of time an attorney researches, or with better quality research." Id. (internal quotation marks and alterations omitted). As such, online legal research expenses are properly included in an award under § 285. See, e.g., Kilopass Tech., Inc. v. Sidense Corp., No. 10-cv-2066, — F. Supp. 3d —, —, 2015 WL 1065883, at *14 (awarding § 285 costs of $125,131.03 related to online legal research).

The Application requests $48,137 in computerized legal research expenses. See Application 20; Fussner Decl. ¶ 44, Ex. AA. However, the underlying documentation for these

expenses consists of invoices amounting to only $6,108.70. See Fussner Decl. ¶ 45, Ex. BB-8. Therefore, the Court awards $6,109 for electronic research costs.

### 8. Other Miscellaneous Expenditures

Icon also objects to three miscellaneous categories of expenditures that Icon argues are not compensable. First, Icon contends that the Application includes $41,607.50 billed for time entries that Icon argues were duplicative or vague. See Laycock Decl. Table 8. The Court has reviewed the identified time entries and concludes that the identified time entries are not duplicative or vague.

Second, Icon argues that $1,296 in fees for Octane's paralegal to attend the Supreme Court oral argument were not necessary. This objection is mooted by the Court's denial of fees related to Octane's appeal to the Supreme Court.

Third, Icon objects to $667.93 in expenses related to the construction of a demonstrative prototype of an elliptical machine. Icon argues that although the demonstrative may have been helpful, it was not necessary for the resolution of the case and was therefore not compensable. The Court finds the prototype was beneficial in assisting an understanding mechanical aspects of the devices, and as such contributed to resolution of the case. Therefore, under the circumstances of this case, the relatively modest expense for the prototype was both reasonable and necessary.

### 9. Enhancement

Finally, Icon opposes Octane's request that the Court consider an enhancement of the attorney's fee award. Octane contends an enhancement may be appropriate "to deter Icon from further misuse of the patent system." Application 24. Upward or downward adjustments to the lodestar calculation should be made "in only 'rare' and 'exceptional' cases." Bywaters, 670 F.3d at 1229-30. An enhancement is not warranted here because the fees awarded under the lodestar

calculation are substantial and will deter Icon from bringing similar patent cases in the future.

**C. Amount of Award**

Having thoroughly reviewed Octane's Application and supporting documentation, as well as Icon's objections, the Court concludes that Octane is entitled to attorney's fees of $1,633,333 and costs of $144,697. The attorney fee award consists of the total fees requested in Octane's Application ($2,486,579), minus fees related to the § 285 issue in the appeal and remand proceedings ($721,432), minus fees pertaining to the '120 Patent ($125,719), minus fees charged for administrative personnel ($6,095). The cost award consists of the total costs requested ($362,583), minus costs related to the § 285 issue in the appeal and remand proceedings ($84,354), minus expert witness fees ($110,675), minus undocumented computerized legal research costs ($22,857).[4]

### IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that**:**

1. Defendant Octane Fitness LLC's Application for Reasonable Attorney's Fees and Expenses [Docket No. 286] is **GRANTED in PART** and **DENIED in PART**;

2. Plaintiff Icon Health & Fitness, Inc. shall pay Defendant $1,633,333 in attorney's fees and $144,697 in costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 1, 2015.

---

[4] Of the $48,137 in requested computerized legal research costs, $19,171 were deducted from the costs of the appeal and remand proceedings and $6,109 were allowed, leaving a balance of $22,857 in undocumented online research costs to be deducted.