UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Icon Health & Fitness, Inc.,

      Plaintiff,

  v.

                                 **MEMORANDUM OPINION
                                 AND ORDER**
                                 Civil No. 09-319 ADM/SER

Octane Fitness, LLC,

      Defendant.

_____

Larry R. Laycock, Esq., Maschoff Brennan, Salt Lake City, UT, on behalf of Plaintiff.

Rudolph A. Telscher, Jr., Esq., Harness, Dickey & Pierce, P.L.C., St. Louis, MO, on behalf of Defendant.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Octane Fitness, LLC's ("Octane") letter dated September 11, 2015 Letter [Docket No. 298] ("Octane Letter") requesting permission to move for reconsideration of the Court's September 1, 2015 Order [Docket No. 296] (the "Attorney Fee Order").  Plaintiff Icon Health & Fitness, Inc. ("Icon") has filed a letter dated September 21, 2015 [Docket No. 299] ("Icon Letter") opposing the request.  For the reasons set forth below, Octane's request is denied.  However, the Court, acting on its own under Federal Rule of Civil Procedure 60(a), will amend the Judgment [Docket No. 297] to correct two errors.

## II.  DISCUSSION

**A.  Request for Leave to File Motion for Reconsideration**

Octane's request for leave to file a motion for reconsideration is made pursuant to Local

Rule 7.1(j), which requires a party to show "compelling circumstances" before filing a motion to reconsider. D. Minn. L.R. 7.1(g). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). Such motions "cannot be used to raise arguments which could have been raised prior to the issuance of judgment." Id.

Octane argues there are three compelling circumstances which support its request for leave to file a motion for reconsideration. Each argument is addressed below.

**1. Fees on Fees**

Octane contends that the Court committed legal error by not awarding Octane the fees it incurred in pursuing the appeal and remand proceedings related to the new exceptionality standard under 35 U.S.C. § 285. See Attorney Fee Order at 4. The Court denied those fees because Icon's litigation position in the appeals was based on the longstanding Brooks Furniture[1] standard and was thus not exceptional under § 285. Id. Indeed, Icon prevailed in the Federal Circuit appeal, and the Supreme Court's rejection of the Brooks Furniture standard broke new ground in the law of fee recovery in patent matters. See id.; Octane Fitness , LLC v. Icon Health & Fitness, Inc., 134 S. Ct. 1749, 1756 (2014).

Octane contends that "[f]ees on fees litigation is not a 'stage' requiring separate § 285 analysis," and that "[f]ees reasonably incurred in obtaining fees ordinarily should be awarded as part of the work on a patent case." Octane Letter at 1. However, "no award of fees is automatic." Therasense, Inc. v. Becton, Dickinson & Co., 745 F.3d 513, 518 (Fed. Cir. 2014) (quotation omitted). In assessing a reasonable award under § 285, "[t]he district court's inherent

---

[1] Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378 (Fed. Cir. 2005).

2

equitable power and informed discretion remain available in determining the level of exceptionality rising out of the offender's particular conduct, and in then determining, in light of that conduct, the compensatory quantum of the award." Mathis v. Spears, 857 F.2d 749, 754 (Fed. Cir. 1988). Thus, it was not legal error for the Court, in exercising its informed discretion, to limit the award of § 285 appeal and remand fees based on Icon's reasonable conduct and position in those proceedings. Even with these reductions, Octane received a fee award that was fair and substantial.

### 2. Fees Pertaining to '120 Patent

In determining the amount of Octane's fee award, the Court excluded $125,719 in fees related to Icon's United States Patent No. 5,104,120 (the "'120 Patent"). Octane argues that this amount was arbitrary and excessive, and that only $41,359 (the sum of all time entries specifically referencing the '120 Patent) should have been excluded.

The Court's allocation of fees related to the '120 Patent was neither arbitrary nor erroneous. The '120 Patent was one of two claims at issue in this litigation. In arriving at the amount of fees related to the '120 Patent, the Court deducted 100% of the time entries that related entirely to the '120 Patent, 50% of the time entries that were reasonably related to both patents at issue, and 0% of the time entries related to the other patent. Therefore, the Court did not err by excluding fees for time entries that did not specifically reference the '120 Patent.

### 3. Electronic Research Charges

Octane argues the Court erroneously determined that $22,857 in computer research charges were undocumented. In requesting expenses related to electronic legal research, Octane referenced Exhibit BB-8 of its Fee Application. See Def.'s Fee Application [Docket No. 286] at

20. As Icon noted in its Response [Docket No. 292] to Octane's Fee Application, the invoices provided in Exhibit BB-8 total only $6,108. Therefore, the Court awarded only this amount. Octane now argues that documentation for the additional $22,857 is found in Exhibits B1 and B2 of the Fussner Declaration.[2] Because the electronic research charges were documented and submitted in conjunction with Octane's Fee Application, the Court will view the denial of $22,857 as an error resulting from oversight and amend the Judgment to correct the mistake.

In sum, no compelling circumstances exist to warrant a motion to reconsider, and Octane's request to file such a motion is denied.

**B. Amended Judgment**

Federal Rule of Civil Procedure 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so . . . on its own, with or without notice."

The Judgment for attorney's fees entered by the Court on September 2, 2015 must be amended to correct two mistakes arising from oversight. First, both parties have alerted the Court that $241,145.41 in fees should have been excluded from the total fee award. See Octane Letter at 1, n.1; Icon Letter at 2.[3] These fees represent hours of attorney and paralegal time expended by Octane's counsel in the Supreme Court proceedings but not billed to Octane due to an insurance policy cap and other reasons. See Fussner Decl. [Docket No. 287] ¶ 18. The amounts were included in the total sum requested in Octane's Fee Application, but were not

---

[2] Only after the Attorney Fee Order was issued did Octane direct the Court to these Exhibits.

[3] The Court commends Octane for its candor in noting the error.

included in Exhibit C to the Fussner Declaration, which is titled "Total Fees and Costs by Matter Number." See id. ¶ 52, Ex. C. In the Attorney Fee Order, the Court allowed $130,000 of the fees related to the appeal and remand proceedings and denied the remainder of the requested appeal and remand fees. Attorney Fee Order at 4. The Court erroneously assumed that all appeal and remand fees were reflected in Exhibit C which, despite its title, includes only fees actually billed ($851,432), and does not include the unbilled fees of $241,145 in Supreme Court fees. Thus, in denying the balance of appeal and remand fees, the Court deducted $721,432 from the requested fee award ($851,432 requested in Exhibit C less $130,000 in allowed fees), when it should have deducted $962,577 ($851,432 requested in Exhibit C, plus $241,145 in unbilled fees, minus $130,000 in allowed fees). Accordingly, the amount of fees awarded in the Judgment must be reduced by $241,145.[4]

Second, the Judgment will be amended to include $22,857 in computerized legal research expenses that were erroneously denied based on lack of documentation. As discussed above, although the documentation supporting the expenses could have been more clearly identified, the expenses were documented in the record before the Court and thus, will be awarded.

### III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Octane Fitness, LLC's request [Docket No. 298] for permission to move for reconsideration of the Court's September 1, 2015 Order is **DENIED**; and

---

[4] Icon argues that the Court also should also have deducted $49,277 in fees Octane incurred in preparing its Fee Application. These fees do not pertain to the appeal and remand proceedings, were not objected to by Icon in its Response to Octane's Fee Application, and were properly awarded.

5

2. The September 2, 2015 Judgment [Docket No. 297] is **AMENDED** as follows: Plaintiff Icon Health & Fitness, Inc. shall pay Defendant $1,392,188 in attorney's fees and $167,554 in costs.

**LET AMENDED JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 24, 2015.